UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Titus Davis, Jr., #10386-171,<br><br>Petitioner,<br><br>vs.<br><br>United States of America,<br><br>Respondent. | ) C/A No. 4:07-3927-HMH-TER<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

The petitioner, Timothy Titus Davis, Jr. ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution Edgefield, a facility of the U.S. Bureau of Prisons ("BOP"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner was convicted in this Court for firearm violations and drug possession and received a sentence of 120 months for each, to be served concurrently and followed by 8 years of supervised release. Petitioner's § 2241 petition attacks the validity of his conviction for Felon in Possession of a Firearm as denial of his right to bear arms under the Second Amendment to the U.S. Constitution. The petition also alleges "the prosecution was unlawful, unproper, and unconstitutional" and Petitioner is "under false arrest, false detention, misapplication of the Statute, malicious prosecution, conspiracy, unlawful incarceration against my liberty and fraud." The petition clearly attacks the validity of Petitioner's conviction and should be dismissed.

*Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Section 2254 Cases,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The petition for writ of habeas corpus in this case should be dismissed because Petitioner's claims are cognizable only under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.[3] Prior to enactment of

---

[2] The Rules Governing Section 2254 can be applied to habeas actions filed under 28 U.S.C. § 2241.

[3] Section 2241 states, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective

2

28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to provide a more efficient and convenient framework for federal postconviciton relief from judgments of conviction. Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Although the petition in this case is brought pursuant to § 2241, its claim represents a collateral attack upon the conviction and sentence imposed by this Court in 2004.[4]

The traditional habeas corpus remedy under § 2241 was not completely foreclosed as a remedy for federal prisoners, but was limited by § 2255. When a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 remains a possible remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). The petitioner does not claim that his remedy

---

jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(a),(c)(3).

[4] See Case No. 8:03-CR-785-HMH (D.S.C.). Title 28 U.S.C. § 2255 states "[a] 1-year period of limitation shall apply to a motion under this section."

3

under § 2255 is inadequate or ineffective to test the legality of his detention.[5] Further, the Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court has concluded, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario, the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. As Petitioner's claim fails to meet this criteria, he does not present a claim that § 2255 is "inadequate or ineffective" thereby allowing him to attack his conviction and sentence under § 2241.

Since the passage of § 2255, a writ under § 2241 has been resorted to in limited situations such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-130 (7th Cir.

---

[5] The fact that Petitioner may be outside of the time allowed to file a motion under § 2255 does not make § 2255 inadequate. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*)

1991).  Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is generally not available where the underlying validity of the conviction and sentence is being challenged as Petitioner seeks to do in this case.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).  The petition clearly attacks the validity of the petitioner's federal conviction and sentence, which must be challenged through an action under § 2255.   Thus, the § 2241 petition in this case should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the § 2241 petition *without prejudice* and without requiring the respondent to file an answer.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).  The petitioner's attention is directed to the important notice on the next page.


                                        s/Thomas E. Rogers, III  
                                        Thomas E. Rogers, III  
                                        United States Magistrate Judge

May 19, 2008  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).